UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERYL TOLSTON-ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-6981 |
| v. ) | |
| ) | Judge John W. Darrah |
| THE CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On May 27, 2015, Plaintiff filed a Complaint, alleging: retaliation for engaging in protected activities under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, in Count I; racial discrimination pursuant to Title VII in Count II; and a claim for hostile work environment under Title VII, the FMLA, and the ADA in Count III. Defendant filed a Motion to Dismiss Counts II and III [11] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. For the reasons discussed below, Defendant's Motion to Dismiss [11] is denied.

### BACKGROUND

Defendant City of Chicago (the "City") is a municipal corporation organized in Cook County, Illinois. (Compl. ¶ 3.) Plaintiff is an African-American female who began working for the City on or about January 1, 1996. (*Id.* ¶ 8.) At the time relevant to this Complaint, Plaintiff was working as a Collection Representative. (*Id.*) Plaintiff has been diagnosed with chronic asthma, which, when active, prevents Plaintiff from breathing and causes

chest pains and respiratory problems. (*Id.* ¶ 10.) In 2012, Plaintiff filed a lawsuit against the City, alleging retaliation for requesting intermittent leave under the FMLA. (*Id.* ¶ 11.) That lawsuit was resolved around February 2014. (*Id.* ¶ 12.) Plaintiff alleges that, shortly thereafter, Plaintiff's supervisor, Eugenia Iskos, a white female, began to retaliate against Plaintiff. (*Id.* ¶ 13.) Iskos issued suspensions, followed Plaintiff around work on a daily basis, issued pre-disciplinary notices with false allegations about Plaintiff's conduct at work, and sent disparaging emails to Plaintiff's supervisors with false allegations. (*Id.*) Iskos also used racially charged language when describing Plaintiff's interactions with coworkers and described Plaintiff's tone as "speaking like a loud person." (*Id.* ¶ 14.) Iskos did not follow any of Plaintiff's non-African-American coworkers or use similar language when describing the activities of non-African-American employees. (*Id.* ¶¶ 13, 14.)

On January 14, 2015, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights, which stated:

> I was hired by Respondent on or about January 2014. My most recent position is Collection Representative. During my employment, I filed two EEOC charges of discrimination . . . . Subsequently, I have been harassed and subjected to discipline.
>
> I believe I have been discriminated against because of my race, Black, and retaliated against for engaging in protected activity, in violation of the [*sic*] Title VII of the Civil Rights Act of 1964, as amended.
>
> I also believe I have been discriminated against because of my disability, and retaliated against for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

(Dkt. 12-1, p. 9.)[1] A right-to-sue letter was issued by the U.S. Equal Employment Opportunity Commission (the "EEOC") on April 4, 2016. (*Id.* p. 10.)

---

[1] A court may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment, if the documents are referred to in the plaintiff's complaint

2

On January 19, 2015, Plaintiff attempted to use her approved FMLA leave but was issued a pre-disciplinary notice by Iskos for failing to submit the request to her direct supervisor. (Compl. ¶ 16.) Plaintiff's request was given to a supervisor in the same department, and Plaintiff's direct supervisor was not working on the date of the request. (*Id.*) The pre-disciplinary notices were used to support a one-day suspension for Plaintiff on February 10, 2015. (*Id.* ¶ 17.) On July 2, 2015, Plaintiff filed an internal complaint with the City of Chicago Department of Human Resources Diversity and Equal Employment Opportunity Division. (*Id.* ¶ 18.) The internal complaint alleged harassment based on race and retaliation for the 2012 lawsuit. (*Id.*) Plaintiff alleges that this did not affect the harassment and resulted in further retaliation. (*Id.*)

Plaintiff received further pre-disciplinary notices on June 3, 2015, and July 21, 2015. (*Id.* ¶ 19.) The pre-disciplinary notices contained false allegations. (*Id.*) Plaintiff was issued a three-day suspension on August 24, 2015. (*Id.* ¶ 20.) Plaintiff's physician issued a letter that stated Plaintiff could not return to work at the Department of Finance due to stress-triggered asthma and phobia of the workplace. (*Id.* ¶ 21.) Plaintiff took a forced, unpaid leave of absence from August 24, 2015, until December 16, 2015, when she was transferred to the Department of Transportation. (*Id.* ¶ 22.)

---

and are central to the plaintiff's claim. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (quoting *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Plaintiff did not reference the EEOC charge in her complaint. However, in order to file a lawsuit, a "plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter." *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005). Plaintiff does not dispute the accuracy of the EEOC charge or the right-to-sue letter.

**LEGAL STANDARD**

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

**ANALYSIS**

*Discrimination*

In Count II, Plaintiff alleges that she was discriminated against based on race in violation of Title VII. Defendant argues that Count II should be dismissed because Plaintiff does not sufficiently allege an adverse action and that Count II should be barred to the extent that it is based on actions not alleged in Plaintiff's EEOC charge.

Title VII prohibits employers from discriminating based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). For employment discrimination claims, the question is "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race,

ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Ortiz v. Werner Enterprises, Inc.,* 834 F.3d 760, 765 (7th Cir. 2016). A materially adverse employment action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006).

To show an adverse employment action for a discrimination claim, Plaintiff must identify a "quantitative or qualitative change in the terms or conditions of employment." *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 532 (7th Cir. 2003). A qualitative change includes "cases of harassment-mistreatment of an employee by coworkers or supervisors that is sufficiently severe to worsen substantially his conditions of employment as they would be perceived by a reasonable person in the position of the employee." *Herrnreiter v. Chicago Hous. Auth.*, 315 F.3d 742, 745 (7th Cir. 2002).

Plaintiff alleges she was harassed and mistreated by Iskos and that this activity substantially worsened the conditions of her employment. Plaintiff alleges that Iskos issued suspensions, followed Plaintiff around work on a daily basis, issued pre-disciplinary notices with false allegations about Plaintiff's conduct at work, and sent disparaging emails to Plaintiff's supervisors with false allegations. Plaintiff also alleges that Iskos used racially charged language when describing Plaintiff's interactions with coworkers. Plaintiff has sufficiently alleged a qualitative change in the terms and conditions of her employment, constituting an adverse employment event for her discrimination claim.

Defendant also argues that Count II should be barred to the extent that it is based on actions not alleged in Plaintiff's EEOC charge. "Claims brought in judicial proceedings must be within the scope of the charges filed with the EEOC." *Conner*, 413 F.3d at 680. A plaintiff may

still bring claims not specifically included in an EEOC charge if they are "like or reasonably related to the allegations of the [EEOC] charge and [grow] out of such allegations." *Moore v. Vital Products, Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (*en banc*)). For a claim to be "like or reasonably related" to the EEOC charge, it "must, at minimum, describe the same conduct and implicate the same individuals." *Id.* (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (emphasis removed)). In her EEOC charge, Plaintiff claimed that she had been harassed and subjected to discipline after her previous complaints to the EEOC. Iskos's alleged conduct, as discussed above, is like or reasonably related to the claims in the EEOC charg,e and her discrimination claims grow out of the claimed harassment and discipline alleged in the EEOC.[2]

Defendant's Motion to Dismiss is denied as to Count II.

*Hostile Work Environment*

In Count III, Plaintiff alleges that she was subject to a hostile work environment under Title VII, the FMLA, and the ADA.[3] In order to sufficiently allege a hostile work environment,

---

[2] Defendant argues that discrete acts which occurred after the filing of an EEOC charge cannot be brought in a lawsuit and cites to *Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014) . However, *Adams* discussed discrete acts in the context of whether the claims were timely under the statute of limitations, not whether they were included in an EEOC charge. *Adams*, 742 F.3d at 729-730. Defendant's reliance on *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), is similarly misplaced, as that case discusses discrete acts in reference to the statute of limitations for filing an EEOC charge. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002).

[3] The Seventh Circuit has yet to decide "whether allowing a hostile work environment is actionable under the ADA." *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 603 (7th Cir. 2009) (citing *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005)). However, the Seventh Circuit has assumed that, should such a claim exist, "the standards for proving such a claim would mirror those we have established for claims of hostile work environment under Title VII." *Mannie*, 394 F.3d at 982. Similarly, there is no case law from the Seventh Circuit supporting a hostile-work-environment claim under the FMLA. *See Elder v. Elliott Aviation, Inc.*, 2016 WL 5213909, at

Plaintiff must plead: "(1) [she] was subject to unwelcome harassment; (2) the harassment was based on [her] race; (3) the harassment was severe or pervasive so as to alter the conditions of the employee's work environment by creating a hostile or abusive situation; and (4) there is a basis for employer liability." *Smith v. Ne. Illinois Univ.*, 388 F.3d 559, 566 (7th Cir. 2004).

Defendant argues that the hostile-work-environment claim is outside the scope of the EEOC charge. As discussed above, a plaintiff may bring claims "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Moore*, 641 F.3d at 256-57. In her EEOC charge, Plaintiff claimed that she had been harassed and subject to discipline. Plaintiff's hostile-work-environment claim grows out of the allegations of harassment brought in the EEOC charge. Plaintiff's hostile-work-environment claim is not outside the scope of her EEOC charge.

Defendant also argues that Plaintiff does not sufficiently allege that she suffered an adverse work environment that was severe and pervasive due to her membership in a protected class. As discussed above, Plaintiff alleges that she was harassed and mistreated by Iskos and that this activity substantially worsened the conditions of her employment. Plaintiff also alleges that Iskos also used racially charged language when describing Plaintiff's interactions with coworkers. Finally, Plaintiff alleges this harassment was based on Plaintiff's membership in a protected class because Iskos did not follow any of Plaintiff's non-African-American coworkers or use similar language when describing the activities of non-African-American employees.

---

*4 (C.D. Ill. Sept. 20, 2016) (finding no case law supporting a hostile work environment theory of retaliatory liability under the FMLA). However, to the extent that the FMLA prohibits discrimination similarly to Title VII, it is reasonable to also mirror the Title VII standards for a hostile-work-environment claim under the FMLA.

Plaintiff has sufficiently alleged that she suffered severe and pervasive harassment by a supervisor, based on Plaintiff's membership in a protected class, which created an adverse work environment.

Defendant's Motion to Dismiss [11] is denied as to Count III.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [11] is denied.

Date:     March 8, 2017           /s/ *John W. Darrah*
                                                    JOHN W. DARRAH
                                              United States District Court Judge