IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERYL TOLSTON-ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 0698 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, a municipal ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION TO RECONSIDER**

Pursuant to Federal Rule of Civil Procedure 59(e), Defendant, City of Chicago ("City"), by its attorney, Mark A. Flessner, Corporation Counsel of the City, respectfully moves the Court to reconsider its Opinion and Order regarding the City's Motion for Summary Judgment, and in support thereof, states:

**I. Introduction**

On September 6, 2019, this Court issued its Opinion and Order granting in part and denying in part the City's Motion for Summary Judgment. (Dkt.# 87). The City now moves the Court to reconsider its partial ruling on Count I related to retaliation because the City respectfully believes the Court misunderstood certain undisputed facts and made an error in application of the law to these facts.

**II. Standard of Review**

Federal Rule of Civil Procedure 59(e) permits a court to grant a motion to reconsider a prior ruling when that ruling was made on a manifest error of law or fact. Fed.R.Civ.P. 59(e). "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, . . . has made a decision outside the adversarial issues presented to the

Court by the parties, or has made an error not of reasoning but of apprehension," or where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). If the court did not reconsider its decision "in such circumstances [it] would condemn the parties to the unedifying prospect of continued litigation when they knew that a possibly critical ruling was in error and, unless [the ruling] became moot in the course of the proceedings, would compel a reversal of the final judgment at the end of the case." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).

### III. Argument

In its Memorandum Opinion and Order (Dkt. #87), this Court stated "Plaintiff must demonstrate that the one-day suspension was retaliatory for filing the original claim for FMLA discrimination in September 2012." (Dkt. #87, p.6.). Thereafter, the Court found, based on three emails which did not reference or relate to Plaintiff's FMLA lawsuit, and one alleged <u>racial</u> remark, "there exists an issue of material fact regarding whether Tolston-Allen was suspended for one-day because of the employee personnel violations, or in retaliation for her case filed in 2012." (*Id.* at p. 7). Respectfully, the Court failed to consider the subject of the emails and the alleged racist remark, as well as the timing of the emails and remark.

### A. <u>The Timing of the Alleged Acts Do Not Support Retaliation</u>

The timeline of the events the Court considered as possibly forming the basis of an FMLA retaliation claim are as follows:

1. **September 24, 2012** - Plaintiff files 2012 C 7601.
2. September 28, 2012 – email from Iskos to Bussie asking Bussie to monitor Plaintiff's work.
3. January 15, 2013 – City served with Complaint in 2012 C 7601 (*See* Court docket).
4. June 27, 2013 – email from Iskos to Mohead asking Mohead to monitor Plaintiff's work.

2

5. June 28, 2013 – email from Iskos to Bussie asking Bussie to monitor Plaintiff's work.
6. Pre-December 2013 – racial remark allegedly made by Iskos.
7. November 18, 2014 – pre-disciplinary notice identifying violations of personnel rules on September 14, 2014, September 30 2014 and November 18, 2014.
8. **February 23, 2015** – one-day suspension.

The Seventh Circuit has repeatedly found a significant gap in time too long to establish retaliatory motive. *See Coleman v. Donahoe,* 667 F.3d 835, 860 (7th Cir.2012) (seven-month span found not to be suspicious); *Naficy v. Ill. Dep't of Human Servs.,* 697 F.3d 504, 513 (7th Cir.2012) (holding a nine-month gap did "little to raise suspicion"); *Jajeh v. County of Cook,* 678 F.3d 560, 570 (7th Cir.2012) (concluding that a five-month gap between complaint of discrimination and adverse employment action did not amount to suspicious timing); *Leonard v. E. Ill. Univ.,* 606 F.3d 428, 432 (7th Cir.2010) (holding a six-month lag between complaint and failure-to-promote "too long to infer a link between the two").

Here, over 2 ½ years elapsed between the time Plaintiff filed her lawsuit and the time she was suspended for one day. This period of time is far too long to even remotely suggest the necessary cause and effect for retaliation. Accordingly, Plaintiff does not show causation based upon timing of the alleged incidents.

**B. Emails and Remark Do Not Evidence RetaliatoryAnimus**

The Court gave credence to three emails. The first email was written on September 28, 2012, four days after Plaintiff filed her complaint. There is no evidence in the record to even remotely suggest Iskos, or anyone from the City, was aware of Plaintiff filing her Complaint four days after it was filed. (*See* Court docket for 12 C 7601). The other two emails were written nine months later in June 2013. These emails indicate Iskos was asking her managers (Bussie and Mohead) to provide her with information about Plaintiff's work performance. There is no

indication that any of these three emails showed an animus toward Plaintiff for having filed an FMLA complaint (in the case of the two June 2013 emails, eight months after the fact).

The Court's reliance on Iskos' allegedly racial remark is misplaced as well. First, assuming, for purposes of the motion for summary judgment only, that this statement was made, it was unrelated to Plaintiff's FMLA complaint. Moreover, in its opinion, this Court found that since "Iskos' alleged statement occurred sometime in 2013 and was not related to an adverse employment action, let alone the one-day suspension that was recommended in December 2014," it could not form the basis for an inference of discrimination. (Dkt. #87, p.10). This rationale is inconsistent with a finding that Iskos' alleged comment could be used to show retaliatory animus.

Iskos' alleged comment was, at most, a stray remark, unrelated in time to Plaintiff's one-day suspension and wholly without reference to Plaintiff's filing of her FMLA complaint. Stray remarks that are neither proximate nor related to the employment decision are insufficient to defeat summary judgment. *Talomares v. Second Federal Svgs. and Loan*, 2014 WL 4267490, at *9 (N.D. IL August 28, 2014) citing, *Hemsworth v. Quotesmith.Com, Inc.,* 476 F.3d 487, 491 (7th Cir. 2007) But, "[i]solated comments that are no more than 'stray remarks' in the workplace are insufficient to establish that a particular decision was motivated by discriminatory animus." *Merillat v. Metal Spinners, Inc.,* 470 F.3d 685, 694 (7th Cir. 2006).

C. **No Evidence Plaintiff's 2012 FMLA Complaint Caused Her 2014 1-day Suspension**

In its summary judgment ruling, this Court found that because Plaintiff denied the truth of the substance of the November 18, 2014 pre-disciplinary notice, there was a material fact as to whether Plaintiff was suspended for one-day for personnel rule violations or in retaliation for her 2012 lawsuit. (Dkt.# 87, p.7). Respectfully, Plaintiff's mere denial of the truth is insufficient to

4

create an issue of fact. Plaintiff's personal, contrary belief that she was performing her job adequately is irrelevant as the Court credits the employer's belief. *Mahran v. Advocate Health and Hospitals Corp.*, 2019 WL 952131 at *13 (N.D. Ill. February 26, 2019)(*citing Lauth v. Covance, Inc.*, 863 F. 3d 708, 715 (7th Cir. 2017)). Thus, Plaintiff cannot create an issue of fact by claiming she was performing adequately or challenging her supervisors' assessment of her performance. *Id.* (*citing Mirocha v. Palos Cmty. Hosp.*, 240 F. Supp. 3d 822, 839 (N.D. Ill. 2017)); *Montes v. Cicero Public School Dist. No. 99*, 141 F. Supp. 3d 885, 898 (N.D. Ill. 2015)("a plaintiff's own evaluation of her work is generally not enough to avoid summary judgment.").

As the Seventh Circuit found in *King v. Ford Motor Co.,* 872 F.3d 833 (7th Cir. 2017), that without evidence of suspicious timing, no comparator evidence and no comments by decision makers in reference to [King's] or anyone else's *protected activities* that could suggest retaliatory animus, plaintiff did not satisfy her burden to show she was retaliated against. *Id.* at 842. The Court further found that even if [King] could show pretext, there was no evidence from which a jury could find that defendant's disciplinary process was a pretext *for retaliation* for [King's] taking FMLA leave or other complaints. *Id.* (emphasis in original). The Court found that missing link fatal to King's claims. *See also Teruggi v. CIT Grp./Capital Fin., Inc.*, 709 F.3d 654, 661 (7th Cir. 2013) (stating that even "if [the plaintiff's] evidence showed pretext, that alone would not be sufficient to survive summary judgment" without some evidence pointing to a prohibited animus as the cause for the decision); *Van Antwerp v. City of Peoria, Ill.*, 627 F.3d 295, 298–99 (7th Cir. 2010) (holding that, even assuming the plaintiff provided evidence of pretext, his claim would still fail without "some minimal showing that the 'real reason' " for the decision was discrimination).

## **Conclusion**

For the reasons stated herein, the City of Chicago respectfully requests the Court reconsider its summary judgment decision as to Count I of Plaintiff's Complaint and grant summary judgment in its favor.

DATED: September 25, 2019

                                      Respectfully submitted,

                                      MARK A. FLESSNER
                                      Corporation Counsel of the City of Chicago

By:   /s/ RENA M. HONOROW
        RENA M. HONOROW
        Assistant Corporation Counsel

City of Chicago
Employment Litigation Division
30 N. LaSalle St., Ste. 1020
Chicago, IL 60602
(312) 744-6922
Rena.honorow@cityofchicago.org