IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERYL TOLSTON-ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 06981 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, a municipal ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CITY OF CHICAGO'S REPLY IN
FURTHER SUPPORT OF ITS MOTION TO RECONSIDER**

Defendant, City of Chicago ("City"), by its attorney, Mark A. Flessner, Corporation Counsel of the City, for its Reply in Further Support of its Motion to Reconsider this court's Opinion and Order regarding the City's Motion for Summary Judgment, states:

## I. Introduction

On September 6, 2019, this Court issued its Opinion and Order granting in part and denying in part the City's Motion for Summary Judgment. (Dkt.# 87). The City moves the Court to reconsider the part of its ruling on Count I related to retaliation because the City respectfully believes the Court misunderstood certain undisputed facts and made an error in application of the law to these facts.

## II. Standard of Review

Plaintiff responds that the City brings its motion under the incorrect rule of civil procedure but makes no argument that the Court should not consider the City's motion. The City agrees that its motion should have been brought under Rule 54(b), but Plaintiff is not prejudiced by the error. In fact, the case cited by Plaintiff, *Holmes v. City of Aurora*, 1995 WL 21606 *2,

No. 93 C 0835, (N.D. Il. Jan. 18, 1995), specifically states Rule 54(b) motions to reconsider do not have express filing requirements or time restraints. Furthermore, motions to reconsider an order under Rule 54(b) are judged by largely the same standard as motions to alter or amend a judgment under Rule 59(e) and serve a limited function: to correct manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.,* 561 F.Supp. 656, 665-66 (N.D.Ill.1982), *aff'd,* 736 F.2d 388 (7th Cir.1984) (citation and footnote omitted)), *amended by,* 835 F.2d 710 (7th Cir.1987). Therefore, the Court's consideration of the City's motion is proper.

Plaintiff further argues the City is merely rehashing its arguments. The City respectfully believes the Court misapplied the law to the undisputed facts in this matter, a proper basis for a motion to reconsider, and reconsideration is appropriate.

### III. Argument

In its Memorandum Opinion and Order (Dkt. #87), this Court stated "Plaintiff must demonstrate that the one-day suspension was retaliatory for filing the original claim for FMLA discrimination in September 2012." (Dkt. #87, p.6.). Thereafter, the Court found, based on three emails which did not reference or relate to Plaintiff's FMLA lawsuit, and one alleged racial remark (which has nothing to do with a retaliation claim), "there exists an issue of material fact regarding whether Tolston-Allen was suspended for one-day because of the employee personnel violations, or in retaliation for her case filed in 2012." (*Id.* at p. 7). Respectfully, the Court failed to consider the subject and the timing of the emails and considered the alleged racist remark in error.

A. **The Timing of the Alleged Acts Do Not Support Retaliation**

As argued, given that 2 ½ years lapsed between Plaintiff filing her FMLA complaint and her one-day suspension, the case law is clear that this span of time is far too long to raise a suspicion of retaliation.

Plaintiff ignores the cases cited by the City identifying a period as short as 5 months as too remote to raise a suspicion of retaliation. *Jajeh v. County of Cook,* 678 F.3d 560, 570 (7th Cir. 2012) (concluding that a five-month gap between complaint of discrimination and adverse employment action did not amount to suspicious timing). Instead, Plaintiff cites to *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881 (7th Cir. 1996) and *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003 (7th Cir. 2000) to support Plaintiff's view that the full 2½ years between Plaintiff's FMLA lawsuit and her one-day suspension was not too long a period to permit any inference. The *Veprinsky* decision deals almost exclusively with whether Title VII applies to *former* employee's claims of retaliation. Plaintiff cites to a footnote referring to the dissent in *Verpinsky* and does not provide authority to suggest 2 ½ years is not too long in time to raise a suspicion of retaliation.

Plaintiff's citation to *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003 (7th Cir. 2000), is similarly misplaced. In *Paluck*, in upholding the lower court's granting of summary judgment, the Seventh Circuit reiterated its position that the interval of one year between a sexual harassment complaint and plaintiff's discharge was too long to raise an inference of discrimination. *Id.* at 1010, citing *Adusumilli v. City of Chicago*, 164 F.3d 353, 363 (7th Cir. 1998) (eight months too long) (additional citations omitted). The Court went on to further note that the critical inquiry is the time lapse between the adverse action and the *protected expression*. *Id.* (emphasis in original.)

Here, there is no support for Plaintiff's position that she was retaliated against 2 ½ years after she filed an FMLA complaint with a one-day suspension and summary judgment is appropriate.

**B. <u>Emails and Remark Do Not Evidence RetaliatoryAnimus</u>**

In response to the City's argument that no animus toward Plaintiff filing an FMLA complaint is shown by the emails at issue, Plaintiff makes the inaccurate, unsupported statement that "Plaintiff included several emails from her supervisor Iskos, calling for the Plaintiff to be closely monitored for use of her sick days among other things." Dkt. #93, p. 3. The sole email even remotely concerned with usage of sick time was written four days after Plaintiff filed her FMLA complaint and there is no evidence in the record to support a contention that the City, much less Iskos, even knew about Plaintiff filing her complaint. (The court docket reveals the City had not been served with the complaint at that time). The other two emails, written a full **nine months** after Plaintiff filed her FMLA complaint indicate Iskos was doing nothing more than asking her supervisors to supervise an employee.

Plaintiff further argues the emails show Iskos was making a "derogatory comment on the attendance of a Plaintiff who was making use of FMLA leave." There is no evidence in this record suggesting Plaintiff took FMLA leave at or around the time Iskos wrote her email. Plaintiff's effort to insert facts not a part of the record is improper. Plaintiff also reiterates the alleged racial remark - - but as argued, the alleged statement in no way suggests a retaliatory animus related to Plaintiff having filed an FMLA complaint.

Finally, Plaintiff cites to *Diaz v. Kraft Foods Global, Inc.*, 653 F.3d 582, 587 (7th Cir. 2011) for the proposition that a Plaintiff can prove discrimination without direct proof. *Diaz* has no bearing on this matter. In *Diaz*, the Court assessed whether or not defendant discriminated

against plaintiff by failing to hire him based upon his protected class with evidence of bias directly related to his protected class. *Id.*

The only issue remaining in **this** case is whether the City retaliated against Plaintiff for filing a 2012 FMLA lawsuit by giving her a one-day suspension 2 ½ years later. Plaintiff does not support this claim with direct or indirect evidence and the City respectfully requests reconsideration.

C. **No Evidence Plaintiff's 2012 FMLA Complaint Caused Her 2014 1-day Suspension**

In response to the City's argument that Plaintiff's mere denial of the truth of the substance of the November 18, 2014 pre-disciplinary notice is insufficient to create an issue of fact, Plaintiff cites to *Collier v. Budd*, 66 F.3d 886 (7th Cir. 1995), for the proposition that a plaintiff's deposition testimony may be used to overcome summary judgment. The plaintiff in *Collier*, however, did not merely deny his employer's stated reasons for retaining two other employees rather than him. *Id.* at 892. Rather, plaintiff presented evidence that his overall sales figures were better than the employee retained and that he had spent 20-30 percent of his time selling distributor's products. *Id.*

Here, Plaintiff claims only that the November 18, 2014 pre-disciplinary notice was "false." This position has been Plaintiff's position throughout and it is reiterated in response to the City's motion to reconsider. (Dkt. #93, p. 5). Plaintiff further asserts she was consistently given positive employment reviews but there is no citation to the record and no indication of who provided these reviews or when they were provided. Again, Plaintiff's personal, contrary belief that she was performing her job adequately is irrelevant as the Court credits the employer's belief. *Mahran v. Advocate Health and Hospitals Corp.*, 2019 WL 952131 at *13 (N.D. Ill. February 26, 2019)(*citing Lauth v. Covance, Inc.*, 863 F. 3d 708, 715 (7th Cir. 2017)). Thus,

Plaintiff cannot create an issue of fact by claiming she was performing adequately or challenging her supervisors' assessment of her performance. *Id.* (*citing Mirocha v. Palos Cmty. Hosp.*, 240 F. Supp. 3d 822, 839 (N.D. Ill. 2017)); *Montes v. Cicero Public School Dist. No. 99*, 141 F. Supp. 3d 885, 898 (N.D. Ill. 2015)("a plaintiff's own evaluation of her work is generally not enough to avoid summary judgment.").

Finally, Plaintiff inaccurately refers to this matter as an "FMLA discrimination action" in an apparent effort to confuse or mislead the Court. (Dkt. #93, p. 6). This is unequivocally **not** an FMLA discrimination matter. This Court granted summary judgment on Plaintiff's race discrimination and hostile work environment claims. The sole claim upon which the City seeks reconsideration is a claim for retaliation based upon a protected act.

## Conclusion

For the reasons stated herein and in its Motion to Reconsider, the City of Chicago respectfully requests the Court reconsider its summary judgment decision as to Count I of Plaintiff's Complaint and grant summary judgment in its favor.

DATED: October 28, 2019.

    Respectfully submitted,

    MARK A. FLESSNER
    Corporation Counsel of the City of Chicago

By:   /s/ *Rena M. Honorow*
     RENA M. HONOROW
     Assistant Corporation Counsel

City of Chicago
Employment Litigation Division
30 N. LaSalle St., Ste. 1020
Chicago, IL 60602
(312) 744-6922
Rena.honorow@cityofchicago.org